IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CR-00289-M

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VIDAUL RASHAAD REED et al. | RESPONSE TO GOVERNMENT'S MOTION FOR SCHEDULING PRETRIAL DEADLINES |

Vidaul Rashaad Reed, Anthony Edward Cheever, Martinus Jermaine Starks, Fred Joseph Prosperi, J.R. Nevarez Darr, Darrell Dewayne Strickland, Jr., David Lee Woodall, and Jonathan Michael Robarge (together "Defendants"), through undersigned counsel, respond in opposition to the Government's Motion for Scheduling Pretrial Deadlines [DE 292]. For the reasons set forth below, Defendants request that they have two months from the Government's discovery deadline to file pretrial motions. Defendants further request that the trial date be set at the time of arraignment and that the Court set a deadline for the Government to supersede the original indictment.

1. On October 3, 2024, a federal grand jury sitting in the Eastern District of North Carolina returned an eight count Indictment charging Vidaul Reed, Anthony Cheever, David Stephens, Martinus Starks, and Tyler Grissom with murder in aid of racketeering and aiding and abetting, in violation of 18 U.S.C. §§ 1959 and 2 (count one), and discharging a firearm during a crime of violence resulting in death and aiding and abetting, in violation of 18 U.S.C. §§ 924(c), 924(j), and 2 (count two); Christopher Manor and Robert Brown with accessory after the fact, in violation of 18 U.S.C. § 3 (count three); Jason Hathaway with attempted murder in aid of racketeering and assault with a deadly weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959 (counts four and five); Fred Prosperi, William Garder, Terry Akins, Jr., J.R. Darr, Darrell

Strickland, Jr., William Beasley, and David Woodall with attempted murder in aid of racketeering and assault with a deadly weapon in aid of racketeering and aiding and abetting, in violation of 18 U.S.C. §§ 1959 and 2 (counts six and seven); and Jonathan Robarge with attempted witness tampering in violation of 18 U.S.C. § 1512(d)(4) (count eight).  [DE 5].

2.      The Court set the pretrial conference deadline for some of the defendants on October 21, 2024, and October 25, 2024 for one defendant.  *See* [DE 123, 124, 125, 126, 127, 128, 130, 131, 188].

3.      On October 18, 2024, the Government moved for an extension of time to extend pretrial conference deadlines and hold in abeyance additional pretrial deadlines until November 4, 2024.  [DE 206].

4.      In support of that motion, the Government noted that "law enforcement investigation into these matters grew into a, multi-year and multi-agency investigation"; "[t]he discovery in this case includes thousands of pages of documents, interviews, various forms of electronic media (audio recordings, video recordings, etcetera), and multiple types of records"; and "some of the discovery materials are still being generated, and will continue to be as the ongoing investigation progresses."  *Id.* ¶¶ 5–6.

5.      Moreover, the Government stated that "this case is so unusual and complex that it is unreasonable to expect adequate preparation for pre-trial proceedings and for the trial within the usual time limits."  *Id.* ¶ 8 (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).

6.      The Court granted that motion and ordered that pretrial conferences between counsel for the parties shall be conducted on or before November 4, 2024, and all other pretrial deadlines are held in abeyance pending a motion by the Government regarding the setting of pretrial scheduling matters, which shall be filed no later than December 2, 2024.  [DE 212].

2

7.      On November 4, 2024, the Government moved to extend the deadline to provide discovery material to the Defendants by one day and hold additional pretrial deadlines in abeyance. [DE 244].  In support of its motion, the Government relied on the same rationale as stated in its first motion to extend.  *See id.*  The Court granted the Government's motion.  [DE 245].

8.      On December 2, 2024, the Government moved to extend its deadline to respond to the Court's order regarding pretrial scheduling matters by 60 days and to hold additional pretrial deadlines in abeyance.  [DE 269].  The Government asked for the extension "to address additional information provided to law enforcement and allow additional time to supersede" and to "allow the Government time to continue its review of the continued investigation."  *Id.* ¶ 4.

9.      When Defendant Beasley responded in opposition to that motion, the Government replied that "Defendant attempts to oversimplify this case" because "sixteen individuals have been charged with violent racketeering acts[,]" "[t]here are numerous law enforcement agencies involved, and the discovery in this matter is extremely voluminous both in terms of documentary evidence and electronic evidence."  [DE 271] at 1.

10.     The Court granted the Government's motion and ordered all pretrial deadlines and hearings to be held in abeyance pending the filing of a motion by the Government regarding the setting of pretrial scheduling matters, which shall be filed no later than February 3, 2025.  [DE 272].

11.     On February 3, 2025, the Government filed a motion for scheduling pretrial deadlines.  [DE 292].  It requested the following deadlines: deadline for pretrial conference on or before February 24, 2025; deadline for pretrial motions no later than March 10, 2025; deadline for responses to motions no later than March 24, 2025; and arraignment to be set for the April 24, 2025 term.  *Id.* at 1.  On February 5, 2025, Magistrate Judge Kimberly A. Swank issued a Text

Order that Defendants shall have until February 10, 2025 to file any response to the Government's motion.

12.    As recognized by the Government, this case is complex, and discovery is voluminous.[1]  Additionally, a protective order governs discovery in this case and requires counsel to review discovery in person with Defendants rather than provide the discovery to Defendants.

13.    Considering the Government has received a several months' extension to conduct a pretrial discovery conference, Defendants should be afforded a similar extension of time to give counsel time to review the voluminous discovery—especially considering discovery cannot be provided to Defendants under the protective order in this case—and otherwise prepare their cases.

14.    The Government has indicated an intent to supersede the original indictment. Defendants respectfully request that the Court impose a deadline for any superseding indictment prior to the deadline for completion of discovery and before the deadline for pretrial motions, so that pretrial motions and other matters can proceed in an orderly fashion.

15.    The allowance of an extension for Defendants to file pretrial motions would serve the ends of justice and such allowance would also outweigh the best interest of the public and the Defendants in a speedy trial in that this extension is reasonably necessary to provide reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16.    In light of the foregoing, Defendants respectfully request that they have two months from the Government's discovery deadline to file pretrial motions.  Defendants further request that the trial date be set at the time of arraignment, to be no sooner than one month after arraignment.  Finally, Defendants request that the Court impose a deadline for any superseding

---

[1] To date, the Government has produced over 3 terabytes of discovery.

4

indictment prior to the deadline for completion of discovery and before the deadline for pretrial motions.

Respectfully submitted, this the 10th day of February, 2025.

<table>
<tr>
<td>

CHESHIRE PARKER SCHNEIDER, PLLC

/s/ Elliot S. Abrams
Elliot S. Abrams
N.C. State Bar # 42639
Erin L. Wilson
N.C. State Bar # 56626
P.O. Box 1029
Raleigh, NC 27602
(919) 833-3114 (TEL)
(919)-832-0739 (FAX)
elliot.abrams@cheshirepark.com
erin.wilson@cheshirepark.com
*CJA Attorneys for Vidaul Reed*

</td>
<td>

HOSFORD & HOSFORD, P.C.

/s/ Geoffrey W. Hosford
Geoffrey W. Hosford
Attorney for Anthony Cheever
Post Office Box 1653
Wilmington, NC 28402
(910) 251-8333
ghosford@att.net
State Bar Number 21239

</td>
</tr>
<tr>
<td>

SCOTT L. WILKINSON & ASSOCIATES, P.C.

/s/ Scott L. Wilkinson
N.C. State Bar No. 14431
CJA Appointed Counsel for Martinus J. Starks
2802 Anderson Drive, Suite 101
Raleigh, N.C. 27608-1506
Telephone: (919) 614-4944

</td>
<td>

THARRINGTON SMITH, L.L.P.

/s/ F. Hill Allen
F. Hill Allen
N.C. State Bar No. 18884
/s/ Colin Shive
Colin A. Shive
N.C. State Bar No. 43202
150 Fayetteville St., Suite 1900
P.O. Box 1151 Raleigh, NC 27602
Phone: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
Appointed Counsel for Fred Prosperi

</td>
</tr>
</table>

5

GAMMON & ZESZOTARSKI, PLLC

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
P.O. Box 1127
Raleigh, NC 27602
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant J.R. Darr

SANDMAN, FINN & FITZHUGH, PLLC

/s/ William F. Finn, Jr.
WILLIAM F. FINN, JR.
Appointed Attorney for David Woodall
7101 Creedmoor Road, Suite 122
Raleigh, North Carolina 27613
Telephone: 919-845-6688
Facsimile: 919-845-6639
bill@ccdattorneys.com
N.C. State Bar NO. 26715

HORNTHAL, RILEY, ELLIS & MALAND, LLP

/s/ Marshall H. Ellis
MARSHALL H. ELLIS
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Appointed Counsel for Darrell Strickland, Jr.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
P.O. Box 33550
Raleigh, NC 27636
(919) 865-7000
(919) 865-7010 (fax)
kelly.dagger@elliswinters.com

*CJA-Appointed Counsel for Jonathan Robarge*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for the United States.

This the 10th day of February, 2025.

/s/ Elliot S. Abrams
Elliot S. Abrams